# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3329

_____

United States of America,

        Appellee,

v.

Percy LeNeal Harrell,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: June 7, 2007
Filed: June 11, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Percy Harrell pleaded guilty to possession with intent to distribute 500 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(A). At sentencing, over Harrell's objection, the district court[1] applied a two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), and sentenced Harrell to 168 months in prison and 5 years of supervised release. He appeals, contesting the two-level enhancement. Reviewing the

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

district court's finding for clear error, <u>see</u> <u>United States v. Braggs</u>, 317 F.3d 901, 904 (8th Cir. 2003), we affirm.

The district court concluded that, because two handguns and $7,700 in admitted drug proceeds were found in Harrell's house, it was not clearly improbable that there was a nexus between the guns and drug activities; the court also noted the presence of a small amount of crack cocaine in the house plus drug-packaging paraphernalia in the detached garage. The court did not clearly err in imposing the enhancement. <u>See</u> <u>Brown v. United States</u>, 169 F.3d 531, 533 (8th Cir. 1999) ("close proximity of firearms and 'drug money' can give rise to an inference that the firearms are present to protect the money and drugs, which is a nexus sufficient to support an enhancement under 2D1.1(b)(1)"); U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (clearly improbable standard).

Accordingly, we affirm.

_____